McMillan and Jean B. LANE, husband and wife, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Heywood S. and Elmore B. BARTLETT, husband and wife, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. Nos. 2058–N, 2059–N.

United States District Court
M. D. Alabama, N. D.

Sept. 22, 1964

Paul Johnston, of Cabaniss, Johnston, Gardner & Clark, Birmingham, Ala., for plaintiffs.

Ben Hardeman, U. S. Atty., Rodney R. Steele, Asst. U. S. Atty., Montgomery, Ala., C. Moxley Featherston, Myron C. Baum, and O. Jan Tyler, Attys., Dept. of Justice, Washington, D. C., for defendant United States.

JOHNSON, District Judge.

These civil actions, having been consolidated pursuant to Rule 42(a), Federal Rules of Civil Procedure, are now submitted upon the issues as reflected by the pretrial order of this Court made and entered in each case on August 20, 1964. Upon this submission, the stipulation of the parties, together with the exhibits thereto, and the briefs and arguments of the parties, this Court now, in this memorandum opinion, makes the appropriate findings of fact and conclusions of law.

These are cases where the plaintiffs seek the recovery of federal income taxes and interest in the amount of $19,210.42 in Civil Action No. 2058–N and $16,-171.98 in Civil Action No. 2059–N. The recovery is sought in each of the cases for the calendar years 1956, 1957 and 1958. The essential facts are not in dispute, having been stipulated by the parties.

Mary E. Bellingrath, mother of plaintiffs Elmore Bellingrath Bartlett and Jean Bellingrath Lane, died a resident of Montgomery, Alabama, on February 28, 1955. Her will was admitted to probate in the Probate Court of Montgomery County, Alabama, on March 3, 1955. By the terms of the will, the testator created trusts of her residuary estate subject to the payment of certain specific annuities in favor of her daughters, including plaintiffs Elmore B. Bartlett and Jean B. Lane. The First National Bank of Montgomery, Alabama, and two individuals were named executors of the will and trustees of the trusts that were created thereunder. On May 28, 1956, the executors of the estate of Mary E. Bellingrath, deceased, filed a United States estate tax return which reflected a gross estate of $2,291,860.28 and a gross estate tax due of $836,186.85. Following an audit of the estate tax return, the Internal Revenue Service of the United States proposed certain deficiencies in the estate tax due, and on March 28, 1958, the executors paid to the Internal Revenue Service an additional tax of $104,787.72.

For the period February 28, 1955, to September 30, 1955, and for the fiscal years ending September 30, 1956, 1957 and 1958, the executors of the estate filed fiduciary income tax returns reporting the net income earned by the estate during administration, and paid the amount of tax shown to be due thereon. The trustees of the trusts that were established as separate tax-paying entities effective October 1, 1958, filed their first income tax return for the period October 1, 1958 through December 31, 1958, which returns disclosed no income tax liability. During the period of the administration of the estate, that is from February 28, 1955 through September 30, 1958, the income of the estate was not currently distributed to the beneficiaries of the trusts; this income was withheld by the executors to pay legacies, annuities, estate taxes, or other administration expenses. Subsequent to October 1, 1958, on which date the trusts were established as taxable entities, the sum of $99,918.44, representing income of the estate accumulated during the period of administration, was credited equally to the accounts of the beneficiaries of the trusts.

The Commissioner of Internal Revenue subsequently notified plaintiffs that deficiencies in their income tax liability had been determined for the years 1956, 1957 and 1958. The plaintiffs paid to the District Director the amount of the deficiency assessments; said payment was made in substantial part by crediting against plaintiffs' liability for such additional taxes the amount of overassessments applicable to the estate of Mary E. Bellingrath, which resulted from the Commissioner's determination. The plaintiffs duly filed their claims for refund; these claims were disallowed and these cases were timely filed. As a part of the formal stipulation, it has been agreed that if the plaintiffs are entitled to recover, the aggregate of the recovery should first be applied as a credit to the estate of Mary E. Bellingrath in satisfaction of the estate's liability for income taxes on the income erroneously taxed to plaintiffs and the balance remaining after such application refunded to the plaintiffs.

The basic question presented in these cases is whether income received by the estate of Mary E. Bellingrath, deceased, during the period of administration or settlement of the estaate is taxable to the executors or to the beneficiaries of the trusts created under the decedent's will. The answer to this question involves an interpretation and construction of the testamentary instrument. Under Section 662 of the Internal Revenue Code of 1954, 26 U.S.C. § 662, net income required to be distributed currently to beneficiaries of an estate or trust is taxable to such beneficiaries, and not to the estate or trust, whether actually distributed or not.[1] This basic question, therefore, will be answered by determining whether the net income of the estate was "required to be distributed currently" to the trust beneficiaries from the date of decedent's death prior to the establishment of the testamentary trusts. The plaintiffs contend that the executors had a right to accumulate or distribute the income in their sole discretion. The Government's position is that the testamentary instrument required that the income be distributed currently. This Court must, therefore, determine the intention of Mary E. Bellingrath, and this intention may only be determined from the testamentary instrument. Commissioner of Internal Revenue v. Guitar Trust Estate, 5 Cir., 72 F.2d 544; Ingalls v. Ingalls, 256 Ala. 321, 54 So.2d 296.

As this Court understands it, the general statutory rule is to tax income to the fiduciary but to shift the incidence of the tax to the beneficiaries to the extent that funds are distributable to the beneficiaries. The determination of the extent to which the incidence of tax is shifted depends upon distributable net income which limits the deduction allowed to the fiduciary for distributions as well as fixing the amount which the beneficiaries must include in gross income with respect to the distribution. The general rules for taxing income of trusts and estates [2] has been summarized as follows:

(1) Income which the fiduciary is under a mandatory duty to accumulate and hold for future distribution under the terms of the will or trust is taxable to the fiduciary and not to the beneficiaries.

(2) Income which the fiduciary is under a mandatory duty to distribute currently is taxable to the beneficiary whether or not the income is actually distributed.

(3) Income which, in the discretion of the fiduciary, may be either distributed or accumulated is taxable to the fiduciary to the extent that he does not exercise his discretion by either paying or crediting the income to the beneficiary. To the extent that such discretion is exercised and the income is properly paid or credited to the beneficiaries, the latter are taxable on such amounts.

As stated above, no income distributions were made to the beneficiaries of the testamentary trusts during the period of administration and settlement of the estate. After the trusts were established on October 1, 1958, an amount equivalent to the net income of the estate for the period February 28, 1955, through September 30, 1958, less the income taxes thereon, was credited to the accounts of the beneficiaries. Therefore, since the executors in this case did not see fit to exercise their discretion to make such distributions during the period of administration, if such discretion was

---

1. "§ 662. *Inclusion of amounts in gross income of beneficiaries of estates and trusts accumulating income or distributing corpus*

"(a) *Inclusion.*—Subject to subsection (b), there shall be included in the gross income of a beneficiary to whom an amount specified in section 661(a) is paid, credited, or required to be distributed (by an estate or trust described in section 661), the sum of the following amounts:

"(1) *Amounts required to be distributed currently.*—The amount of income for the taxable year required to be distributed currently to such beneficiary, whether distributed or not. * * * *"

2. See 6 Mertens, Law of Federal Income Taxation, Zimet Revision, § 36.20.

vested in them, the only question here involved is whether or not there was a mandatory duty on the part of the executors by the terms of the testamentary instrument to distribute to the trust beneficiaries the income of the estate earned during the period of administration.

The provisions of Mary E. Bellingrath's will which are pertinent to these cases are as follows:

"ITEM V

\* \* \* \* \* \*

"(d) \* \* \* During the continuance of the trusts created herein for the benefit of my said daughters, and the descendants of any deceased daughter, the Trustees shall transfer and pay over to each such beneficiary the entire net income from her or his respective trust estate and may also pay over or expend such additional sum or sums out of the principal thereof as the Corporate Trustee may from time to time in its sole and absolute discretion deem necessary or desirable for the support and comfort of such beneficiary and for the support, education and comfort of any person dependent upon such beneficiary."

\* \* \* \* \* \*

"(g) Where I have herein directed that funds shall be used and applied by the Trustees for the benefit of any beneficiary, the Trustees may in their discretion pay over such sums to the person having custody of such beneficiary or to such other person as they may select, including the beneficiary, to be used and applied for the purposes herein directed, and the receipt of such person shall be full discharge to the Trustees as to any sums so paid.

"The trusts created under this item of my will shall be treated as operating from the date of my decease, whether the trust property shall then be actually paid over to the Trustees and set aside or not, and I hereby authorize and empower my Executors hereinafter named to make any payment which the Trustees are herein authorized to make after the actual establishment of these trusts."

It is quite apparent to this Court that these provisions of the will do not expressly direct the executors to make annual distributions of income to the beneficiaries, but only authorizes and empowers the making of any payment which the trustees are authorized to make subsequent to the establishment of the trusts. The use of the words "authorize and empower" as used in Item V (g) of this instrument, lodged a discretionary power in the executors. These words constituted a grant of authority and not a command; they do not impose an imperative duty upon the executors in this case. The granting of this discretionary authority was obviously for the purpose of authorizing the executors to determine, while the property was still in their hands, before making any transfers to the trustees, what sums would be payable to the beneficiaries under the residuary trusts. In contrast to the language used by the testator in this case in subparagraph (g), the mandatory language as used in subparagraph (d) "shall transfer and pay over" in directing the trustees to distribute income to the beneficiaries, makes it even clearer to this Court that this testamentary instrument authorizes but does not require the payment of income by the executors during the administration of the estate. It necessarily follows that if the income of the estate is not required to be distributed currently, but may be either distributed or accumulated in the discretion of the fiduciary, the income is taxable to the fiduciary to the extent that he does not exercise his discretion by making a distribution. The plaintiffs in each of these cases are entitled to recover.

In accordance with the foregoing, and pursuant to the stipulation of the parties made and entered herein on August 20, 1964, it is the ORDER, JUDGMENT and DECREE of this Court that the Internal Revenue Service, United States of

America, compute the amount of the recovery to the plaintiffs in each of these cases and within sixty days from the date of this order submit to this Court, for entry, an appropriate judgment.